**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 24-4680**

---

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

SHENAULT RAYMOND HEDRICK,

        Defendant - Appellant.

---

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., District Judge.  (1:24-cr-00291-WO-1)

---

Submitted:  December 23, 2025             Decided:  December 30, 2025

---

Before WILKINSON and RUSHING, Circuit Judges, and FLOYD, Senior Circuit Judge.

---

Dismissed in part and affirmed in part by unpublished per curiam opinion.

---

**ON BRIEF:**  Mark E. Edwards, EDWARDS & TRENKLE, PLLC, Durham, North Carolina, for Appellant.  Clifton Thomas Barrett, Lindsey Ann Freeman, Julie Carol Niemeier, Assistant United States Attorneys, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Shenault Raymond Hedrick pled guilty, pursuant to a written plea agreement, to possession of a firearm as a felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(8).  The district court varied above the applicable Sentencing Guidelines range and sentenced Hedrick to 168 months' imprisonment and three years of supervised release.  On appeal, counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether Hedrick's sentence is reasonable.  Hedrick filed a pro se supplemental brief arguing that his counsel rendered ineffective assistance and that the Government committed prosecutorial misconduct at sentencing.  The Government has moved to dismiss the appeal pursuant to the appeal waiver in Hedrick's plea agreement.  We dismiss in part and affirm in part.

"When the government seeks to enforce an appeal waiver and has not breached the plea agreement, we will enforce the waiver if it is valid and if the issue being appealed falls within the scope of the waiver."  *United States v. Boutcher*, 998 F.3d 603, 608 (4th Cir. 2021) (citation modified).  Upon review of the record, including the plea agreement and transcript of the Fed. R. Crim. P. 11 hearing, we conclude that Hedrick knowingly and voluntarily waived his right to appeal.  Accordingly, we grant the Government's motion to dismiss in part and dismiss the appeal as to all issues within the waiver's scope, including counsel's challenge to Hedrick's sentence.

The appeal waiver does not preclude our review of Hedrick's ineffective assistance of counsel and prosecutorial misconduct claims.  However, there is no evidence in the record to support Hedrick's conclusory claim of prosecutorial misconduct.  Furthermore,

"[u]nless an attorney's ineffectiveness conclusively appears on the face of the record, [ineffective assistance] claims are not addressed on direct appeal." *United States v. Faulls*, 821 F.3d 502, 507-08 (4th Cir. 2016). The record before us does not conclusively establish that plea counsel rendered ineffective assistance. Accordingly, Hedrick's "ineffective assistance claim should be raised, if at all, in a 28 U.S.C. § 2255 motion." *United States v. Kemp*, 88 F.4th 539, 546 (4th Cir. 2023) (citation modified).

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal outside the scope of Hedrick's valid appeal waiver. We therefore dismiss the appeal as to all issues within the waiver's scope and affirm the remainder of the district court's judgment. This court requires that counsel inform Hedrick, in writing, of the right to petition the Supreme Court of the United States for further review. If Hedrick requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Hedrick.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED IN PART,*
*AFFIRMED IN PART*

3